JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| THANH NGUYEN,<br><br>     **Plaintiff,**<br><br>  **vs.**<br><br>PENNYMAC LOAN SERVICES, LLC;<br>PMC BANCORP; FEDERAL<br>NATIONAL MORTGAGE<br>ASSOCIATION;  MORTGAGE<br>ELECTRONIC REGISTRATION<br>SYSTEMS, INC.; and MTC<br>FINANCIAL, INC.,<br><br>     **Defendants.** | **Case No.: SACV 12-01574-CJC(ANx)**<br><br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT** |

## I.  INTRODUCTION

Plaintiff Thanh Nguyen ("Plaintiff") brought this action against PennyMac Loan Services, LLC ("Pennymac"), PMC Bancorp ("PMCB"), Federal National Mortgage Association ("Fannie Mae"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and MTC Financial, Inc. (collectively, "Defendants") in connection with the foreclosure and sale of the property located at 1556 West Sumac Lane, Anaheim, CA 92802 (the "Property").

Plaintiff alleges that on October 7, 2009, he obtained a loan from PMCB in order to purchase the Property. (Dkt. No. 1, Exh. A ["Compl."] ¶ 13.) In the process of obtaining the loan, PMCB agents and employees did not disclose the terms and conditions of the repayment of the loan, gave no explanation of the loan terms, and were unaware of Plaintiff's actual income. (*Id*.) They allegedly represented that they would be able to work around Plaintiff's poor credit history to get Plaintiff approved for the loan. (*Id*. ¶ 14.) Plaintiff later discovered that the loan payments exceeded his "entire spendable income." (*Id*.) Plaintiff also alleges that Defendants "charged and obtained improper fees for the placement of his loan as 'sub-prime' when he qualified for a prime rate mortgage." (*Id*. ¶ 15.)

On December 1, 2010, Plaintiff defaulted on the loan, and Defendants recorded a Notice of Default. (*Id*. ¶ 24.) Plaintiff alleges that he defaulted on the loan because of the high payments, structure of the loan, and interest rate. (*Id*.) Additionally, Pennymac allegedly told Plaintiff to stop making mortgage payments so that he might qualify for a loan modification. (*Id*.) On September 23, 2011, Defendants recorded a Notice of Trustee's Sale on the Property. (*Id*. ¶ 25.) On March 12, 2012, the Property was sold at a foreclosure sale from Trustee Corps to Fannie Mae. ( *Id*. ¶ 26.)

Plaintiff's Complaint contains twelve causes of action: (1) violation of California Unfair Competition Law ("UCL"), (2) negligent infliction of emotional distress ("NIED"), (3) breach of the covenant of good faith and fair dealing, (4) injunctive relief, (5) violation of California Civil Code § 1572, (6) fraud, (7) declaratory relief, (8) intentional misrepresentation, (9) quiet title to set aside a defective and wrongful foreclosure, (10) violation of federal and state fair debt collection practices acts, (11) violation of federal and state anti-trust statutes, and (12) promissory estoppel. On September 27, 2012, the Court issued an order to show cause why this case should not be dismissed for failure to state a claim. (Dkt. No. 8.) On October 12, 2012, Plaintiff filed

his opposition to the order.  (Dkt. No. 10.)  On October 18, 2012, Defendants filed a memorandum in support of the Court's order to show cause.  (Dkt. No. 12.)  For the following reasons, the Court **DISMISSES** Plaintiff's Complaint without leave to amend.

## II.  ANALYSIS

The legal standard in deciding whether Plaintiff has stated a claim on which relief may be granted is the same as for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  In considering whether to dismiss a case for failure to state a claim, the issue before the Court is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

A plaintiff alleging fraud or mistake must "state with particularity the circumstances constituting fraud or mistake," Fed. R. Civ. P. 9(b), including the "who, what, when, where, and how" of the alleged fraud.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  "To allege fraud with particularity, a plaintiff . . . must set forth what is false or misleading about a statement, and why it is false." *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1094 (C.D. Cal. 1999).  Where "the entire complaint against a particular defendant alleges a unified course of fraudulent conduct, it is 'grounded in fraud,' and Rule 9(b) applies to the whole of that complaint." *Vess*, 317 F.3d at 1108; *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1122 (9th Cir. 2009).

"If insufficiently pled averments of fraud are disregarded, as they must be, in a complaint or claim grounded in fraud, there is effectively nothing left of the complaint." *Vess*, 317 F.3d at 1107.

Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations, *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995), the district court need not grant leave to amend if amendment of the complaint would be futile. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008) (finding that amendment would be futile where plaintiff was granted leave to amend once and the amended complaint contained the same defects as the prior complaint).

Plaintiff sets out a number of general allegations that are common to all of his causes of action. For the reasons discussed below, Plaintiff has not sufficiently pleaded a claim for relief based on any of these allegations. Plaintiff's first general allegation is that Defendants are not "holders in due course" of the loan instruments due to "fraud in factum" related to the process of obtaining the mortgage. (Compl. ¶¶ 43–56.) In support of the allegation of fraud, Plaintiff alleges that Defendants never explained the terms of the loan, including certain fees, never made a determination of whether he would be able to make the payments under the loan, never verified his income , and rushed Plaintiff into signing the loan documents. These allegations fail to meet the heightened pleading requirements of Rule 9(b). Specifically, Plaintiff has failed to state who made the allegedly fraudulent misrepresentations, when they were made, and how they were false.

///

///

Plaintiff additionally alleges that the endorsement of the promissory note was ineffective.  (Compl. ¶ 56.)  Plaintiff gives very little explanation for this allegation, other than stating that the Promissory Note contained sufficient space for an endorsement, and "any assignment by allonge is ineffective pursuant to *Pribus v. Bush*, 118 Cal. App. 3d 1003 (May 12, 1981)."  (*Id.* ¶ 55.)  Plaintiff, however, does not allege any assignment by allonge in the Complaint.

Plaintiff next alleges that Defendants lack standing to conduct a non-judicial foreclosure because they have failed to comply with California Civil Code Section 2923.5.  This section requires a "mortgagee, beneficiary or authorized agent" to "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure."  Cal. Civ. Code § 2923.5(a)(2).  The purpose of this section is to facilitate the assessment and exploration of the borrower's financial condition and the options available to avoid foreclosure. *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 232 (2010); *see also Dubin v. BAC Home Loans Servicing*, No. CV 10-05065, 2011 WL 794995, at *3 (N.D. Cal. Mar. 1, 2011) ("The requirements of section 2923.5 are narrow, and do not require the lender to have much more than minimal contact with a debtor to assess the debtor's position and inform them of various options.").  Section 2923.5 does not obligate a lender to actually modify a defaulting borrower's loan, but rather only requires a good faith effort to prevent foreclosure.  *Ortiz v. Accredited Home Lenders*, 639 F. Supp. 2d 1159, 1166 (S.D. Cal. 2009).  Indeed, "the only remedy provided" for a violation of section 2923.5 "is a postponement of the sale before it happens."  *Mabry*, 185 Cal. App. 4th at 235 (emphasis added).  Here, Plaintiff simply makes the general allegation that Defendants have not complied with the requirements of section 2923.5, but provides no specifics about which provisions Defendants were not in compliance with.  Moreover, it appears

///

///

that Defendants did contact Plaintiff regarding loan modification options prior to the notice of foreclosure being posted.  Therefore, in the absence of more specific allegations, it appears that Defendants did comply with section 2923.5

Plaintiff additionally makes several references to violations of California Civil Code § 2924, but never fully states the basis for the claims.  It appears that Plaintiff's allegations related to such violations are based in part on Defendants' alleged failure to comply with section 2923.5.  As already discussed, Plaintiff has not sufficiently pleaded a violation of section 2923.5, and therefore cannot make out a claim under section 2924 based on such violations.  The remaining allegations for violations of section 2924 are overly broad, and fail to comply with the pleading requirements of Rule 8.  Plaintiff provides no facts, other than legal conclusion, supporting such claims. Therefore, Plaintiff has failed to sufficiently allege any violation of section 2924.

Plaintiff's final general allegation is that Defendants lack standing to enforce a non-judicial foreclosure because they were in violation of California Commercial Code section 3301.  Plaintiff alleges that Defendants did not have the authority to transfer the loan instruments because they were never the present holders of the instrument, as required under section 3301.  (Compl. ¶¶ 76–77.)  These allegations are premised on Plaintiff's earlier fraud allegations.  Because Plaintiff has failed to plead his fraud allegations with sufficient detail as required under Rule 9(b), these allegations also fail to state a claim.  Plaintiff makes a number of additional allegations under each cause of action, which will be discussed in turn.

///
///
///
///

-6-

## A.  Unfair Competition

Plaintiff's first cause of action is for violations of the UCL.  The claims rely almost entirely on the general allegations that the Court has already held do not state a claim. Plaintiff alleges a few additional facts concerning Defendants' misrepresentations related to a loan modification.  These allegations sound in fraud, yet fail to meet the heightened pleading standards of Rule 9(b).  For instance, Plaintiff alleges that "Defendants also misrepresented to Plaintiff, on numerous occasions, the length of time it would take to process the loan modification.  He systematically disregarded the timeline quoted to Plaintiff, who attempted to modify his loan for over twelve (12) months." (Compl. ¶ 90.) These allegations fail to state when the alleged misrepresentations took place, which Defendants made the representations, and how they were false. This is true of all the additional allegations under this cause of action.  Accordingly, they do not meet the heightened pleading standard of Rule 9(b).

## B.  NIED

Plaintiff's second cause of action, for negligent infliction of emotional distress, likewise fails to state a claim.  This cause of action is also premised on Plaintiff's fraud allegations.  Specifically, he alleges that he suffered emotional distress resulting from Defendants' misleading him into believing that "he would qualify for a refinance and/or loan modification, that he would be allowed loan assistance of modification on reasonable terms that would allow Plaintiff the right to keep his home."  (Compl.  ¶ 97.) These allegations sound in fraud, yet fail to meet the pleading standards of Rule 9(b). Plaintiff has failed to allege who made the alleged misrepresentations, when they were made, or how they were false.

///

### C.  Breach of the Covenant of Good Faith and Fair Dealing

Plaintiff's third cause of action is for breach of the covenant of good faith and fair dealing.  "In California, the factual elements necessary to establish a breach of the covenant of good faith and fair dealing are: (1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct."  *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010).  Plaintiff alleges that "at all times there existed an implied covenant of good faith and fair dealing requiring Defendants, and each of them, to safeguard, protect, or otherwise care for the assets and rights of Plaintiff."  (Compl. ¶ 103.)  Plaintiff does not specify what contract the covenant is attached to, although it can be assumed that he is referring to either the Note or the Deed of Trust.  Plaintiff further alleges that Defendants breached the covenant through the "commencement of foreclosure proceedings upon the property lawfully belonging to Plaintiff without the production of documents demonstrating the lawful rights for foreclosure."  (*Id.* ¶ 104.)

Here, Plaintiff cannot satisfy the second element required to state a claim.  Plaintiff has not, and cannot, allege that he fulfilled his obligations under the contract, because he has admitted that he defaulted on the loan prior to the foreclosure.  (*See id.* ¶ 24.)  Plaintiff argues that he was excused from performance because the loan was obtained fraudulently.  However, as previously discussed, Plaintiff has not pleaded his fraud claims with sufficient detail.  Therefore, he is not excused from performance and cannot state a claim for breach of the implied covenant of good faith and fair dealing.

*///*

*///*

### D.  Injunctive Relief

Plaintiff's fourth cause of action for injunctive relief fails to state a claim because injunctive relief is a remedy, not an independent claim.  *See Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F.Supp.2d 952, 975 (N.D. Cal. 2010).

### E.  Violation of California Civil Code § 1572

Plaintiff's fifth cause of action is for violation of California Civil Code section 1572.  Insofar as Plaintiff's allegations under this cause of action are an attempt to plead fraud or intentional misrepresentation, it is duplicative of his previous causes of action and fails for the same reasons.  With no private right of action under California Civil Code section 1572, Plaintiff's claim must be dismissed.

### F.  Fraud

Plaintiff's seventh cause of action for fraud also fails to state a claim as it does not meet the heightened pleading standard required under  Rule 9(b).  The elements of fraud are: (1) misrepresentation; (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) damage.  *Kearns*, 567 F.3d at 1126.  Rule 9(b) requires that fraud allegations be stated with particularity, including the "who, what, when, where, and how" of the alleged fraud.  *Vess*, 317 F.3d at 1106.  "To allege fraud with particularity, a plaintiff . . . must set forth what is false or misleading about a statement, and why it is false."  *Glen Holly Entm't, Inc.*, 100 F. Supp. 2d at 1094.  Plaintiff's cause of action for fraud consists almost entirely of a restatement of his other fraud allegations.  Although Plaintiff does include a date for some of the alleged misrepresentations, he states no facts

///

regarding the specific contents of the misrepresentations, who made them, or how they were false.  Accordingly, his claim for fraud fails to meet the heightened pleading standard of Rule 9(b).

## G.  Declaratory Relief

Plaintiff's seventh cause of action is for declaratory relief.  Declaratory relief is intended to "afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues." *Rodriguez v. Bank of America*, No. CV No. 11-3839-PSG, 2011 WL 5864108, at *3 (N.D. Cal. Nov. 22, 2011). Courts generally deny declaratory relief where another remedy is found to be more appropriate. *Id*. at 4.  Further, "[a] claim for declaratory relief rises or falls with [the] other claims." *Spurlock v. Carrington Mortg. Servs.*, No. 09CV2273-MMA (JMA), 2010 U.S. Dist. LEXIS 80221, at *27 (S.D. Cal. Aug. 4, 2010).  Here, a separate cause of action for declaratory relief is unnecessary and redundant.  Plaintiff seeks a judicial determination of the "duties and obligations of the respective parties with regard to the loan or the foreclosure." (Compl. ¶ 155.)  Should Plaintiff be able to state a claim for relief, these issues would be determined through his other causes of action.  A separate claim for declaratory relief does not assist in clarifying the legal relationships between the parties.

## H.  Intentional Misrepresentation

Plaintiff's eighth cause of action is for intentional misrepresentation.  Plaintiff alleges that the Notice of Default and Notice of Trustee sale contained false representations in order to induce reliance and confuse Plaintiff.  (Compl. ¶ 160.)  Like Plaintiff's other allegations sounding in fraud, these allegations fail to meet the

///

heightened pleading standard of Rule 9(b).  Plaintiff has failed to state the contents of the misrepresentations, how they were false, or who made them.  Plaintiff also fails to allege any facts supporting the claim that he was induced into relying on the misrepresentations.

### I.  Quiet Title to Set Aside a Defective and Wrongful Foreclosure

Plaintiff's ninth cause of action, for quiet title, likewise fails to state a claim.  In order to prevail on a claim to quiet title, Plaintiff must provide, in a verified complaint: (1) a legal description and street address of the subject real property, (2) the title of plaintiff as to which determination is sought and the basis of the title, (3) the adverse claims to the title of the plaintiff against which a determination is sought, (4) the date as of which the determination is sought, and (5) prayer for the determination of the title of the plaintiff against the adverse claims.  Cal. Code Civ. P. § 761.020; *Vega v. JP Morgan Chase Bank, N.A.*, 654 F. Supp. 2d 1104, 1120–21 (E.D. Cal. 2009).  Here, Plaintiff's claim to quiet title appears to be reliant on his allegations that Defendants violated California Civil Code § 2923.5.  As previously discussed, Plaintiff has failed to state a claim for a violation of this section.

Plaintiff additionally alleges that Defendants did not wait the requisite amount of time before attempting to sell the Property.  He asserts that pursuant to the California Foreclosure Prevention Act, Defendants were required to wait approximately six months to sell the property after recording the Notice of Default.  However, Plaintiff's Complaint alleges that Defendants waited almost ten months after recording the Notice of Default to record a Notice of Trustee's Sale.  (Compl.  ¶¶ 24–25.)  Clearly, Plaintiff cannot state a claim for a violation of the California Foreclosure Prevention Act.

///

///

### J.  Federal and State Fair Debt Collection Practices Act

Plaintiff's tenth cause of action is for violations of the federal Fair Debt Collections Practices Act ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act.   Plaintiff alleges that Defendants failed to give him the notice and opportunity to contest the debt due on his mortgage, in violation of the acts.  However, the FDCPA does not apply to mortgage servicers who are collecting on a mortgage debt. *See* 15 U.S.C. § 1692(a)(6)(F); *Skelley v. Bank of Am., N.A.*, Case No. 2012 U.S. Dist. LEXIS 120830, at *13–14 (S.D. Cal. Aug. 23, 2012) ("[C]reditors, mortgagors and mortgage servicing companies are not 'debt collectors' and are exempt from liability under the [FDCPA].").   Additionally, "foreclosure pursuant to a deed of trust does not constitute debt collection under the [Rosenthal Act]."  *Sipe v. Countrywide Bank*, 690 F. Supp. 2d 1141, 1151 (E.D. Cal. 2010) (quotes omitted); *see Gardner v. Am. Home Mortg. Servicing, Inc.*, 691 F. Supp. 2d 1192, 1199 (E.D. Cal. 2010) ("[T]o the extent Plaintiff's Rosenthal Act claims against Defendants arise out of collection efforts related to Plaintiff's mortgage loan, they are outside the scope of the Rosenthal Act." ).  Here, Plaintiff's claims arise entirely out of collection efforts by mortgage servicing companies related to his mortgage loan. Therefore, he has not stated a claim under either the FDCPA or Rosenthal Act.

### K.  Federal and State Antitrust Violations

Plaintiff lacks standing to bring his eleventh cause of action for violations of federal and state antitrust laws.  Under Article III, federal courts may only hear a "case or controversy."  U.S. Const. art. III, § 2, cl. 1.  To satisfy this standard, a plaintiff must show an injury-in-fact that is fairly traceable to the defendant's unlawful conduct.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1998); *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).  The injury must be "an invasion of a legally protected

///

interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992, 995 (N.D. Cal. 2007) (quoting *Lujan*, 504 U.S. at 560) (quotes omitted).

Plaintiff alleges that MERS formed a monopoly with respect to ownership of digital recordings of real estate ownership.  (Compl. ¶ 182.)  He alleges that he was injured in that he "believes his attempts to modify his loans were severely frustrated because the counterparty to the modification agreement(s) did not have the legal authority to enter into any such modification agreement with Plaintiff."  (*Id.* ¶ 196.)  He also alleges that the "commercial uncertainty that accompanies the 'clouded' titles of securitized mortgages . . . extends to third party purchasers who believes they are purchasing property from a counterparty that, in fact, does no tactually hold legal title to the property."  (*Id.* ¶ 197.)  These injuries are neither concrete, particularized, nor actual.  Instead, Plaintiff merely "believes," with no supporting facts, that his loan modification attempts were hindered.  He also does not have standing to pursue claims of "third party purchasers."  Even if the alleged injuries were concrete, particularized, and actual, Plaintiff has not sufficiently alleged that the injuries are traceable to Defendants' unlawful conduct.  Plaintiff's alleged injuries appear to be the result of the securitization of his mortgage.  However, he does not allege any facts to connect the alleged monopolization by MERS and the securitization of his loan.  Therefore, he has failed to allege a sufficient link between Defendants' conduct and his injuries.

**L.  Promissory Estoppel**

Plaintiff's final cause of action is for promissory estoppel.  In order to state a claim for promissory estoppel, Plaintiff must allege (1) a promise clear and unambiguous in its terms, (2) that he relied on the promise, (3) that his reliance was both reasonable and

foreseeable, and (4) that he was injured by his reliance. *See Aceves v. U.S. Bank, N.A.*, 192 Cal. App. 4th 218, 225 (2011) (quoting *Advanced Choices, Inc. v. State Dep't of Health Servs.*, 182 Cal. App. 4th 1661, 1672 (2010)). The promise cannot be vague, general, or of indeterminate application. *Aguilar v. Int'l Longshoremen's Union Local #10*, 966 F.2d 443, 446 (9th Cir. 1992). It also "must be definite enough that a court can determine the scope of the duty, and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages." *Glen Holly Entm't Inc*, 343 F.3d at 1017, *amended by* 352 F.3d 367 (9th Cir. 2003) (quoting *Ladas v. Cal. State Auto. Ass'n*, 19 Cal. App. 4th 761, 770 (1993)). Plaintiff alleges that Defendants promised him that "there was no need to file bankruptcy or pursue other ways to avoid foreclosure because Defendants would forego the foreclosure process and instead 'work with' Plaintiff to modify the terms of the home loan in question . . . ." (Compl. ¶ 200.) He alleges that in reliance on these promises, he decided not to file for bankruptcy or investigate other possible scenarios to prevent foreclosure.

Plaintiff's allegations fail to state a claim because he does not allege a clear promise or detrimental reliance. The oral statements attributable to "Defendants" lack the specificity required to be considered clear, unambiguous promises. Statements that Defendants would "work with" Plaintiff did not communicate any clear promise to provide a modification, to speedily process a modification, or to provide any other specific outcome. Any promise that no foreclosure would occur is similarly too vague and general to support a claim for promissory estoppel. Plaintiff additionally fails to specify who made the alleged promises, when they were made, or any specific details about the foreclosure freeze.

To the extent any of the Defendants' statements could be construed as a clear promise, the claim still fails because Plaintiff does not sufficiently allege detrimental reliance. The Complaint contains only conclusory statements that Plaintiff failed to file

for bankruptcy or "investigate" other "possible scenarios to stave off impending foreclosure." (Compl. ¶ 201.) Such general allegations of detrimental reliance are insufficient to plead promissory estoppel, and fail to meet even the basic pleading standard of Rule 8 and *Twombly*. Plaintiff does not allege that he was induced to take some specific action, that he actually changed his position in reliance on Defendants' purported promises, or that other possible workout options he might have pursued would have been successful.

## III.  CONCLUSION

For the foregoing reasons and because amendment would be futile, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

DATED:      December 5, 2012

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE